**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

*Attorneys for Plaintiff*
Gloria Rodriguez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GLORIA RODRIGUEZ,** **Individually and on behalf** **of others similarly situated,** <br><br> Plaintiff, <br><br> v. <br><br> **CAPITAL ONE, N.A.,** <br><br> Defendant. | **Case No:** '19CV1021 CAB JLB <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

# INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Gloria Rodriguez ("Plaintiff"), through her attorneys, brings this class action complaint for damages and to enjoin the deceptive business practices of Capital One, N.A. ("Defendant").

3. Specifically, Plaintiff brings this complaint, through her attorneys, for damages arising out of Defendant's systematic unauthorized credit inquiries.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

7. Any violations by Defendant were knowing, willful, and intentional, and

Defendant did not maintain procedures reasonably adapted to avoid any such violations.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

9.  Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. 1681a(d)(1).

## JURISDICTION & VENUE

10. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331.

11. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

12. Because Defendant is authorized to and regularly conducts business in the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at the time of the incident, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & VENUE

14. Plaintiff is a natural person who resided in the City and County of San Diego, State of California, whose credit report(s) were affected by at least one unauthorized inquiry by Defendant.  In addition, Plaintiff is a "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendant is an entity located in Mclean, Virginia. Because Defendant is a

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1    partnership, corporation, association, or other entity, it is therefore a "person"

2    as that term is defined by 15 U.S.C. § 1681a(b).

3    16.    Plaintiff alleges Defendant is a credit furnisher subject to the FCRA because

4         Defendant furnishes information to the credit reporting agencies and pulls

5         credit reports.

6    17.    The cause of action herein pertains to Plaintiff's "consumer report" as that

7         term is defined by15 U.S.C § 1681(d), in that inaccurate representations of

8         Plaintiff's credit worthiness, credit standing, and credit capacity were made

9         via written, oral, or other communication of information by a consumer credit

10        reporting agency, which is used or is expected to be used, or collected in whole

11        or in part, for the purposes of serving as a factor in establishing Plaintiff's

12        eligibility for, among other things, credit to be used primarily for personal,

13        family, household and employment purposes.

14                          STATUTORY BACKGROUND

15   18.    The FCRA is a consumer protection statute which regulates the activities of

16        credit reporting agencies and users of credit reports, and which provides certain

17        rights to consumers affected by use of the collected information about them.

18   19.    Congress designed the FCRA to preserve the consumer's right to privacy by

19        safeguarding the confidentiality of the information maintained by the consumer

20        reporting agencies.  Congress stated in the opening section of the FCRA that

21        "[t]here is a need to ensure that consumer reporting agencies exercise their

22        grave responsibilities with fairness, impartiality, and a respect for the

23        consumer's right to privacy."  15 U.S.C. § 1681(a)(4).

24   20.    Under the FCRA, the term "consumer report" means any written, oral, or other

25        communication of any information by a consumer reporting agency bearing on

26        a consumer's creditworthiness, credit standing, credit capacity, character,

27        general reputation, personal characteristics, or mode of living which is used or

28

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
San Diego, CA 92108

expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

21. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

22. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

23. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

24. Sometime before December 1, 2017, Plaintiff incurred a financial obligation (the "Debt") to Defendant. This financial obligation arose from a loan that Defendant extended to Plaintiff.

25. Subsequently, Plaintiff filed Chapter Seven Bankruptcy in San Diego.

26. On or around December 1, 2017, the Debt was discharged pursuant to a court order that was mailed to Defendant by the bankruptcy court. The order advised Defendants that the Debt had been discharged.

27. Following the bankruptcy, Plaintiff no longer had an account with Defendant.

28. Despite the fact that Plaintiff did not have an account with Defendant and Plaintiff's Debt was ordered discharged on December 1, 2017, on December 27, 2017, Defendant submitted an unauthorized account review credit report inquiry to Experian.

29. Upon review of Plaintiff's Experian credit report, Plaintiff discovered Defendant's unauthorized credit inquiry.

30. Accordingly, Defendant's inquiry was unauthorized and illegal. After Plaintiff received the above referenced discharge order, there was no debt owed to

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
San Diego, CA 92108

Defendant and no account with Defendant by operation of the bankruptcy.

31. Following the bankruptcy, Plaintiff did not seek or inquire about Defendant's services or credit extensions. Therefore, its post-bankruptcy inquiry was not related to an application for credit.

32. Plaintiff no longer had an account with Defendant and thus Defendant had no reason to pull Plaintiff's credit report or collect a debt.

33. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

34. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

35. Defendant accessed Plaintiff's private and confidential information without Plaintiff's consent or a permissible purpose.  Much like trespassing on real property, an invasion of privacy may not cause monetary damages, but it is an invasion none the less.  Privacy is a long-protected right in the United States and Plaintiff has suffered concrete harm resulting from Defendant's willful invasion of privacy.

**CLASS ACTION ALLEGATIONS**

36. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

37. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with an address within the United States whose consumer credit report was obtained by Defendant within the past five (5) years from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) without a permissible purpose.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

40. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 *et seq*. Plaintiff and the Class members were damaged thereby.

41. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

 a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries without the consent of members of the Class;

 b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

   c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

   d. Whether Plaintiff and the Class members are entitled to injunctive relief;

   e. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

   f. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

   g. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

44. As a person that suffered unauthorized consumer credit report inquiries by Defendant on her credit report(s), Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with state and federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant

is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## CAUSE OF ACTION

## THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1692X (FCRA)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

51. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to statutory damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

52. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Finding Plaintiff is the proper Class representative; and
- Appointing Plaintiff's Counsel as Class Counsel;

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

- Special, general, compensatory and punitive damages;
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 31, 2019

**Hyde & Swigart, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Attorneys for Plaintiff

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108